IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **DEVELOPERS SURETY AND INDEMNITY COMPANY,**<br><br>Plaintiff,<br><br>v.<br><br>**BOSWELL-OLSEN ENTERPRISES, INC., ET AL.,**<br><br>Defendants, | **MEMORANDUM DECISION AND ORDER GRANTING LEAVE TO FILE AMENDED ANSWER**<br><br>Case No. 2:12CV367<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendant Mark H. Olsen's Motion for Leave to Amend His Answer. The court does not believe that a hearing would significantly aid the court in its determination of this motion. Having fully considered the motions, memoranda, and declarations submitted by the parties, as well as the facts and law relevant to this motion, the court enters the following Order.

Olsen brings this motion under Rule 15 of the Federal Rules of Civil Procedure. Rule 15 states that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). Courts have held that refusing leave to amend is rare and generally only justified upon a "showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

Olsen seeks to file an amended Answer to correct a factual inaccuracy in his original

Answer. Olsen states that his prior counsel erroneously admitted in the Answer that Olsen signed the Indemnity Agreement at issue in this case without discussing the matter with Olsen. Thus, Olsen seeks to amend his Answer to deny the allegation that he signed the Indemnity Agreement.

Plaintiff opposes the motion to amend, arguing that the motion is untimely and prejudicial. Although Olsen brought the motion before the deadline for seeking leave to amend pleadings, Plaintiff contends that the amendment is untimely because Olsen knew or should have known of the need for the amendment well before filing the motion. The court finds no basis to conclude that the motion is untimely or that there was undue delay or a dilatory motive. Olsen filed the motion before the deadline and the case is early in discovery.

Plaintiff also claims that the amendment will be prejudicial because it will require it to engage in discovery on the issue. However, this is not the type of prejudice that would justify denial of leave to amend. Therefore, the court grants Olsen's Motion for Leave to Amend His Answer. Olsen shall file his Answer that was attached as an exhibit to his motion within ten days of the date of this Order.

DATED this 27th day of August, 2013.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge