IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **DEVELOPERS SURETY AND INDEMNITY COMPANY,**<br><br>Plaintiff,<br><br>v.<br><br>**BOSWELL-OLSEN ENTERPRISES, INC., ET AL.,**<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:12CV367DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on the following motions: (1) Plaintiff's Motion for Summary Judgment Against Shane Lamb; (2) Defendant Shane Lamb's Motion for Summary Judgment; and (3) Defendant Shane Lamb's Motion for Leave to Amend Answer; and (4) Developers Surety's Motion for Entry of Final Judgment Pursuant to Federal Rule of Civil Procedure 54(b). On April 27, 2016, the court held a hearing on all the motions except the motion for entry of final judgment, which was not fully briefed at the time. At the hearing, Plaintiff Developers Surety was represented by Kurt Faux, and Defendant Shane Lamb was represented by Kevin Worthy. Nobody appeared for the other Defendants. The court took the motions that were argued under advisement. Having carefully considered the arguments presented by the parties and the law and facts relevant to the pending motions, the court issues the following Memorandum Decision and Order.

**BACKGROUND**

In 2011, Plaintiff Developers Surety and Indemnity Company issued payment bonds as surety on behalf of Defendant Boswell-Olsen Enterprises, Inc., in connection with the construction of the University of Utah Hospital at Daybreak. In 2008, as consideration for Developers Surety's issuance of surety bonds on behalf of Boswell-Olsen, Developers Surety required Defendants Boswell-Olsen, Mark Olsen, Clint Boswell, Kelly Boswell, and Lindon Harbor, LLC, to execute an Indemnity Agreement. Defendant Shane Lamb, the controller of Boswell-Olsen and also a Notary Public, notarized the signatures of the other Defendants on the Indemnity Agreement. Kelly Boswell, however, did not appear before Lamb to sign the Indemnity Agreement. Clint Boswell, Kelly's husband, told Lamb that his wife had signed the document. But Boswell now admits that he forged his wife's signature. Lamb did not realize or suspect that Boswell was deceiving him with respect to Kelly Boswell's signature.

After receiving the signed agreement and notarizing it, Lamb emailed an electronic copy of the agreement to Moreton & Company, Boswell-Olsen's bonding agent. Moreton & Company asked for updated financial information about Boswell-Olsen every year. It was Lamb's understanding that Kelly Boswell was never an owner or employee of Boswell-Olsen. Moreton & Company never sought any personal financial information of Kelly Boswell. No such information was sought prior to the execution of the Indemnity Agreement in 2008, during the period between the execution of the Indemnity Agreement and the payment bond in connection with the payment bond for the hospital at Daybreak, or in connection with the execution of the payment bond for the hospital at Daybreak. There is no evidence in the record that Kelly Boswell has personal assets that are separate and distinct from those owned jointly with Clint

Boswell.

In 2011, Developers Surety issued the payment bond in connection with the hospital at Daybreak on behalf of Boswell-Olsen in the penal sum of $1,527,918.00.  As a result of Boswell-Olsen's failure to pay subcontractors and suppliers on the project, Developers Surety received claims on the payment bond in the amount of $672,493.45.  Developers Surety repeatedly demanded that the indemnitors meet their obligations under the Indemnity Agreement, but the indemnitors refused.  Developers Surety has also incurred legal fees and costs in connection with enforcing the Indemnification Agreement.

On April 17, 2012, Developers Surety filed this action against the indemnitors.  On June 30, 2013, the Boswells served their initial disclosures, stating that Clint Boswell can testify to the fact that his wife, Kelly Boswell, did not sign the indemnity agreement and that it was signed by him.  Six months later, Developers Surety filed a motion to amend to add Shane Lamb as a party.  The court granted the motion, Developers Surety filed its Amended Complaint, and Lamb answered the Complaint on May 19, 2014.  Clint Boswell's deposition was taken on March 23, 2015.  Lamb states that he first learned that Boswell forged his wife's signature on the Indemnity Agreement at that deposition.  On December 10, 2015, the court issued a Memorandum Decision and Order granting summary judgment against Defendants Clint Boswell and Mark Olsen on Developers Surety's claim for breach of the Indemnity Agreement.   On January 13, 2016, Lamb moved to amend his Answer to add a crossclaim against Clint Boswell.  On April 25, 2016, Developers Surety moved for entry of final judgment against Clint Boswell and Mark Olsen under Rule 54(b) of the Federal Rules of Civil Procedure.

## DISCUSSION

### Cross Motions for Summary Judgment

Both parties move for summary judgment on Developers Surety's fraud claim against Lamb. Developers Surety's motion seeks summary judgment against Lamb on its fraud claim, and Lamb moves for cross summary judgment on the fraud claim.[1]

The parties agree that under Utah law, a plaintiff claiming a fraudulent misrepresentation must establish:

> (1) that a representation was made (2) concerning a presently existing material fact (3) which was false and (4) which the representor either (a) knew to be false or (b) made recklessly, knowing that there was insufficient knowledge upon which to base such a representation, (5) for the purpose of inducing the other party to act upon it and (6) that the other party, acting reasonably and in ignorance of its falsity, (7) did in fact rely upon it (8) and was thereby induced to act (9) to that party's injury and damage.

*Cardon v. Jean Brown Research*, 2014 UT App 35, ¶ 6, 327 P.3d 22.

In this case, the representation at issue is Lamb notarization of the Indemnity Agreement, indicating that Kelly Boswell personally appeared before him and executed the agreement when she did not. Under Utah Code Annotated Section 46-1-9, which provides that "[a] notary may not: (1) execute a certificate containing a statement known by the notary to be false or materially incomplete; or (2) perform any notarial act with intent to deceive or defraud." Utah Code Ann. § 46-1-9.[2] The undisputed facts demonstrate that Clint Boswell forged Kelly's signature and told

---

[1] In supplemental briefing, Developers Surety attempted to move for summary judgment on its negligence claims as well. However, it is improper to move for such relief on new claims in a supplemental memorandum. Lamb did not respond to those arguments, and they are properly before the court.

[2] Although Utah's notary public statute, Utah Code Annotated Section 46-1-18, provides that "[a] notary may be liable to any person for any damage to that person proximately caused by

Lamb that she had signed it.  Lamb did not suspect that Clint Boswell was deceiving him.  Lamb merely complied with his employer's request and notarized the document without Kelly Boswell being present.  Thus, while Lamb knew that he was misrepresenting whether Kelly signed the Indemnity Agreement in his presence, he did not misrepresent whether or not Kelly had signed the Agreement at all.

Whether Kelly Boswell signed the Indemnity Agreement before Lamb or elsewhere is not a material fact in this case.  Rather, the material fact is whether she signed the agreement and bound herself to the obligations in the Indemnity Agreement.  It is the execution of the document that creates or alters the legal relationships, not the appearance of someone before a notary.

In *Larson v. Overland Thrift & Loan*, 818 P.2d 1316 (Utah Ct. App. 1991), the plaintiffs were homeowners whose names appeared on a trust deed.  After the trust deed went into default, the homeowners attempted to save their house from foreclosure by alleging that the notary public who had notarized the trust deed had committed fraud because only one of the homeowners had signed the trust deed and the notary public notarized both signatures even though the husband was not present when the trust deed was signed.  *Id.* at 1318.  The Court of Appeals held that summary judgment in favor of the notary was proper because the plaintiffs were unable to prove a causal connection between the notarization and the alleged damages.  *Id.* at 1323.  The Court of Appeals reasoned that the alleged improper notarization could not support a fraud claim because "any improper notarization did not create or alter the legal relationship" between the plaintiffs and the other parties to the trust deed.  *Id.*

---

the notary's misconduct in performing notarization," Developers Surety did not bring a cause of action against Lamb under the statute.  Rather, Developers Surety asserts causes of action against Lamb for fraud and negligence.

In this case, the only person to make a misrepresentation as to whether Kelly Boswell signed the Indemnity Agreement was Clint Boswell.  While Lamb may have knowingly misrepresented where Kelly signed the agreement, he did not knowingly make a false statement about whether she signed the document.  There is no evidence that Lamb was or should have been suspicious of Clint Boswell's representations to him.  Because Lamb was not aware of Clint Boswell's fraudulent forgery, Lamb cannot be liable for fraudulent misrepresentation.  Where there is "no evidence . . . to show" that a notary has "acted in concert" with a forger "or agreed to his . . . forgery of [a] signature on" a document, the notary should not be held liable for fraudulent inducement even if the notary has improperly failed to require the appearance of a purported signer of the document.  *In re McCoy*, 355 B.R. 69, 75 (Bankr. N.D. Ill. 2006).  Lamb is liable for negligence, at most, for failing to properly execute his statutory duties in requiring Kelly Boswell's presence.

Moreover, Developers Surety's claimed damages do not relate to Lamb's misconduct.  Developers Surety claims that Lamb's alleged misrepresentation caused it to pay losses on the Daybreak payment bond in the total amount of $672,493.45.  Developers Surety claims that Lamb is liable under the Indemnity Agreement in the same amount as indemnitors to the agreement because he failed to have Kelly Boswell appear before him.  But Developers Surety's argument fails to recognize that Lamb's role as a notary differs significantly from the responsibility and liability of the signatories to the Indemnity Agreement.  Lamb's misconduct does not make him jointly and severally liable with the other indemnitors to the agreement.  The damages Developers Surety can seek from Lamb must be linked solely to the fact that Kelly Boswell did not appear before him to sign the agreement.  Lamb was not one of the indemnitors

under the agreement, only the notary, and Kelly Boswell was only one of the indemnitors.

To satisfy its damages, Developers Surety must first look to Mark Olsen and Clint Boswell, who executed the Indemnity Agreement and assumed the obligations under the agreement. The notarization of a signature cannot make the notary public more liable than the signatories to the agreement. Developers Surety must then look to Clint Boswell for damages resulting from his forgery of his wife signature. Where a third party has forged a signature on a document which is later improperly notarized, the damages to the plaintiff should be restricted to those amounts which the plaintiff has not been able to recover from the forger. *Gulledge v. Shaw*, 880 So. 2d 288, 291-92 (Miss. 2004) (action brought against notary only after plaintiff could not collect judgment rendered against individuals who had submitted forged signature on drivers license for notarization).

While Clint Boswell's forgery may not excuse Lamb for all damages associated with his failure to make Kelly Boswell appear, it does excuse Lamb from damages related to a fraudulent misrepresentation to Developers Surety as to the execution of the Indemnity Agreement. There is a difference between damages related to whether Kelly Boswell signed the agreement at all and damages related to whether Kelly Boswell signed the agreement in front of Lamb.

In determining damages related to Lamb's misconduct, the more relevant question is not how much Developers Surety had to pay on the payment bond, but, at most, how much of that amount Developers Surety would need Kelly Boswell to indemnify personally. Lamb's misconduct is not related to the indemnitors' business, Boswell-Olsen, being unable to pay subcontractors. Developers Surety presents no evidence that its inability to seek indemnification from Kelly Boswell personally has resulted in any damages. If Developers Surety were able to

satisfy its claims out of the assets of Mark Olsen and Clint Boswell, then Developers Surety would suffer no damage. Developers Surety recently obtained summary judgment against Mark Olsen and Clint Boswell. However, Developers Surety has failed to show that it would be unable to satisfy the judgments from their assets. Even if Olsen's and Boswell's assets cannot satisfy the judgments, Developers Surety has failed to show what assets Kelly Boswell holds separate and distinct from her husband, Clint Boswell. Even if Kelly Boswell did not sign the Indemnification Agreement, all of the assets that belong to her and Clint Boswell jointly will be available for collection.[3] However, Developers Surety has completely failed to enter any of this relevant evidence. Without a showing as to the amount of Kelly Boswell's personal assets that would be available to indemnify Developers Surety, any conclusion about the appropriate amount of damages in this case would be too speculative to support a damages award against Lamb. Therefore, Developers Surety has failed to present any evidence that it has suffered a loss because it cannot proceed against Kelly Boswell. Moreover, Developers Surety has not adduced any evidence of attorney fees or costs incurred in this case over and above those required to pursue Mark Olsen and Clint Boswell, whose signatures on the Indemnity Agreement are legitimate.

Because Lamb did not make a false statement about a material fact with the purpose of inducing Developers Surety to act upon it and Developers Surety has failed to demonstrate any damages proximately caused by Lamb, the court grants Lamb's motion for summary judgment and denies Developers Surety's motion for summary judgment on Developers Surety's fraud

---

[3] Moreover, if Clint Boswell transferred all of his assets to Kelly Boswell at approximately the same time he forged her signature, Developers Surety could have a fraudulent transfer claim against Clint Boswell, not a claim against Lamb.

claim against Lamb.

## Lamb's Motion to Amend Answer

Lamb seeks leave to file an Amended Answer in order to assert a cross claim for fraud against Defendant Clint Boswell. Developers Surety argues that Lamb's requested amendment is untimely, would unduly prejudice Developers Surety, and is futile.

Lamb was added as a party to this action after the amended pleading deadline had passed. Lamb argues that he should be allowed some sort of deadline once he enters the case and can assess the evidence. Although the February 2014 Amended Complaint that added Lamb as a party alleged that Clint Boswell signed Kelly Boswell's name, Lamb did not have grounds for bringing a fraud claim against Boswell until Boswell admitted to the forgery in his deposition on March 23, 2015. The case is in the advanced stages of litigation, but the cross claim would rely entirely on evidence which is already in the record. Lamb's proposed cross claim merely echoes the Seventh Cause of Action in Developers Surety's First Amended Complaint, which seeks judgment for fraud against Clint Boswell. The amendment would not create the need to reopen discovery. In addition, there is no trial date currently in place. Moreover, Lamb was added to the litigation late, appears to have had mixed messages regarding Developers Surety's plans to move against him. The court does not find any unreasonable delay in Lamb bringing the motion. Thus, the court does not find the motion untimely.

Developers Surety also argues that it would be unfairly prejudiced because Lamb's cross claim would conflate and confuse Developers Surety's fraud claim against Lamb with Lamb's fraud claim against Boswell. Juries routinely analyze cases far more complex than the present case with the addition of Lamb's proposed cross claim. The alleged fraud claims are intertwined

with Lamb's alleged negligence claims and would be properly decided together. The court finds no prejudice to Developers Surety related to jury confusion.

Finally, Developers Surety argues that Lamb's proposed cross claim is futile because Lamb cannot establish the elements of fraud against Boswell. The court finds Developers Surety's arguments in this respect without merit. Where there is "no evidence . . . to show" that a notary has "acted in concert" with a forger "or agreed to his . . . forgery of [a] signature on" a document, the notary should not be held liable for fraudulent inducement even if the notary has improperly failed to require the appearance of a purported signer of the document. *In re McCoy*, 355 B.R. 69, 75 (Bankr. N.D. Ill. 2006). Accordingly, the court concludes that Developers Surety has not established a basis for overcoming the directive that leave should be freely granted. The court, therefore, grants Lamb's motion for file an Amended Answer in order to assert a cross claim against Clint Boswell for fraud. Lamb shall file the proposed Amended Answer attached as an exhibit to his motion to amend within twenty days of the date of this Order.

### Rule 54(b) Motion for Entry of Judgment

Developers Surety moves this court for entry of final judgment against Mark Olsen and Clint Boswell on the claim for breach of the Indemnity Agreement. In a case involving multiple claims and counterclaims, Rule 54(b) allows a court to "direct the entry of a final judgment as to one or more but fewer than all claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed. R. Civ. P. 54(b). An analysis of whether Rule 54(b) certification is appropriate requires the court: (1) to determine that the order to be certified is a final judgment; and (2) to find there is no just reason

to delay appellate review of the order until the conclusion of the entire case. *Id.* at 7-8; *see also Oklahoma Turnpike Auth. v. Bruner,* 259 F.3d 1236, 1242 (10th Cir. 2001); *McKibben v. Chubb,* 840 F.2d 1525, 1528 (10th Cir. 1988).

In making these determinations, the district court should act as a "dispatcher" weighing Rule 54(b)'s policy of preventing piecemeal appeals against the inequities that could result from delaying an appeal. *Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005). The court should consider "whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [are] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright Corp. v. General Elec. Co.,* 446 U.S. 1, 8 (1980).

The court does not have concerns about piecemeal appeals because, having failed to oppose summary judgment, Boswell and Olsen have no good faith grounds for appeal if the order granting summary judgment against them is reduced to a final judgment. In addition, the court believes that there is no just reason for delay in allowing Developers Surety to have a final judgment against Boswell and Olsen because it will allow Developers Surety to execute on those judgments. Developers Surety must be able to execute on the judgments against Boswell and Olsen to determine what damages, if any, it has in relation to Lamb. As stated above, Developers Surety has no damages against Lamb if it can fully collect on its judgment against Boswell and Olsen. However, Developers Surety still has an outstanding claim against Clint Boswell for fraud. To effectively execute against Clint Boswell, Developers Surety must resolve its claim for fraud against Clint Boswell.

The court, therefore, concludes that Developers Surety has demonstrated no just reason for delay as to entering final judgment against Mark Olsen. The court orders Developers Surety to submit a proposed judgment against Mark Olsen within ten (10) days of the date of this Order. However, the court denies Developers Surety's motion for entry of final judgment against Clint Boswell without prejudice, to be refiled after Developers Surety resolves its fraud claim against Clint Boswell. The court orders Developers Surety to notify the court within twenty (20) days of the date of this Order as to whether it intends to resolve the claim through stipulation, a motion for summary judgment, or trial, and the time it believes is necessary to reach such conclusion.

### Case Administration Issues

The present motions have highlighted to the court several case administration issues. There is currently no trial date set for this case because the court granted proposed extension orders extending deadlines for discovery and dispositive motions but containing no corresponding new trial date. However, discovery has been closed for over a year. Based on the age of the case and the above legal discussion, the court believes it is necessary to provide deadlines and procedures to the parties with respect to a proper and timely resolution of the remaining issues in this case.

As stated above, within ten (10) days of the date of this Order, Developers Surety shall file a proposed judgment against Mark Olsen. Also, within twenty (20) days of the date of this Order, Developers Surety shall notify the court of its intended means for resolving its fraud claim against Boswell--stipulation, motion for summary judgment, trial, or withdrawal of claim, and the time it believes is necessary for reaching such resolution. The court will then issue appropriate deadlines.

Also within twenty (20) days of the date of this Order, Lamb shall file the Amended Answer attached to his motion to amend.  After Lamb files his Amended Answer, the court, exercising its inherent authority to control its docket, will stay proceedings involving Lamb until there is resolution on Developers Surety's fraud claim against Clint Boswell and Developers Surety has made good faith efforts to execute on the final judgments against Olsen and Boswell.  This court has the discretion and inherent authority to enter such a stay.  *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936).  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* at 255.  Based on the court's above reasoning with respect to damages, there is no reason for Lamb to incur further expenses in this litigation until it is determined whether or not Mark Olsen and Clint Boswell can satisfy Developers Surety's judgments against them.

If trial is necessary on Developers Surety's fraud claim against Boswell, the court will bifurcate it from the remaining claims in the case and try the case while proceedings involving Lamb are stayed.

## CONCLUSION

Based on the above reasoning, Plaintiff Developers Surety's Motion for Summary Judgment is DENIED and Defendant Shane Lamb's Motion for Summary Judgment is GRANTED.  Defendant Shane Lamb's Motion to Amend is GRANTED.  Lamb is granted leave to file an Amended Answer to include a cross claim against Defendant Clint Boswell.  Lamb shall filed his proposed Amended Answer within twenty days of the date of this Order.  Upon the filing of such Amended Answer, proceedings involving Lamb–Developers Surety's claims for

13

negligence against Lamb and Lamb's fraud claim against Clint Boswell–are stayed. Developers Surety's Motion for Entry of Final Judgment Pursuant to Federal Rule of Civil Procedure 54(b) is GRANTED IN PART as to final judgment against Defendant Mark H. Olsen AND DENIED WITHOUT PREJUDICE IN PART against Defendant Clint Boswell, to be refiled after resolution of Developers Surety's fraud claim against Clint Boswell. Developers Surety shall submit a proposed judgment against Mark H. Olsen within ten (10) days of the date of this Order.

DATED this 23rd day of May, 2016.

BY THE COURT:

*[signature: Dale A. Kimball]*

DALE A. KIMBALL
United States District Judge