# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **DEVELOPERS SURETY AND INDEMNITY COMPANY,** <br><br> Plaintiff, <br><br> v. <br><br> **BOSWELL-OLSEN ENTERPRISES, INC., ET AL.,** <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 2:12CV367DAK <br><br> Judge Dale A. Kimball |

This matter is before the court on Defendant Shane Lamb's Motion for Summary Judgment on Plaintiff's Claims for Negligence and Negligent Misrepresentation. On November 15, 2018, the court held a hearing on the motion. At the hearing, Plaintiff Developers Surety was represented by Kurt C. Faux, and Defendant Shane Lamb was represented by Kevin R. Worthy. The court took the motion under advisement. Having carefully considered the arguments presented by the parties and the law and facts relevant to the pending motions, the court issues the following Memorandum Decision and Order.

## BACKGROUND

In 2011, Plaintiff Developers Surety and Indemnity Company issued payment bonds as surety on behalf of Defendant Boswell-Olsen Enterprises, Inc., in connection with the construction of the University of Utah Hospital at Daybreak. In 2008, as consideration for Developers Surety's issuance of surety bonds on behalf of Boswell-Olsen, Developers Surety

required Defendants Boswell-Olsen, Mark Olsen, Clint Boswell, Kelly Boswell, and Lindon Harbor, LLC, to execute an Indemnity Agreement. Defendant Shane Lamb, the controller of Boswell-Olsen and also a Notary Public, notarized the Defendants' signatures on the Indemnity Agreement. Kelly Boswell, however, did not appear before Lamb to sign the Indemnity Agreement. Clint Boswell, Kelly's husband, told Lamb that his wife had signed the document. But Boswell now admits that he forged his wife's signature. Lamb did not realize or suspect that Boswell was deceiving him with respect to Kelly Boswell's signature.

After receiving the signed agreement and notarizing it, Lamb emailed an electronic copy of the agreement to Moreton & Company, Boswell-Olsen's bonding agent. Moreton & Company asked for updated financial information about Boswell-Olsen every year. It was Lamb's understanding that Kelly Boswell was never an owner or employee of Boswell-Olsen. Moreton & Company never sought any personal financial information of Kelly Boswell. No such information was sought prior to the execution of the Indemnity Agreement in 2008, during the period between the execution of the Indemnity Agreement and the payment bond in connection with the payment bond for the hospital at Daybreak, or in connection with the execution of the payment bond for the hospital at Daybreak. There is no evidence in the record that Kelly Boswell has personal assets that are separate and distinct from those owned jointly with Clint Boswell.

In 2011, Developers Surety issued the payment bond in connection with the hospital at Daybreak on behalf of Boswell-Olsen in the penal sum of $1,527,918.00. As a result of Boswell-Olsen's failure to pay subcontractors and suppliers on the project, Developers Surety received claims on the payment bond in the amount of $672,493.45. Developers Surety repeatedly

demanded that the indemnitors meet their obligations under the Indemnity Agreement, but the indemnitors refused. Developers Surety has also incurred legal fees and costs in connection with enforcing the Indemnity Agreement.

On April 17, 2012, Developers Surety filed this action against the indemnitors to the agreement. On June 30, 2013, the Boswells served their initial disclosures, stating that Clint Boswell can testify to the fact that his wife, Kelly Boswell, did not sign the Indemnity Agreement and that he signed her name. Six months later, Developers Surety filed a motion to amend to add Shane Lamb as a party because he notarized Kelly Boswell's signature. The court granted the motion, Developers Surety filed its Amended Complaint, and Lamb answered the Complaint on May 19, 2014. Clint Boswell's deposition was taken on March 23, 2015. Lamb states that he first learned that Boswell forged his wife's signature on the Indemnity Agreement at that deposition.

On December 10, 2015, the court issued a Memorandum Decision and Order granting summary judgment against Defendants Clint Boswell and Mark Olsen on Developers Surety's claim for breach of the Indemnity Agreement. On September 7, 2016, the court granted Developers Surety summary judgment against Clint Boswell on its fraud claim. Clint Boswell then filed bankruptcy. Developers Surety has an adversary proceeding in the bankruptcy case against Clint Boswell in which it has received summary judgment against him and is now seeking attorney fees. Developers Surety has also been attempting to execute on its judgment against Mark Olsen, however, it has had difficulty finding him. It has been unable to serve Olsen with notice of a supplemental debtor hearing. It also served a writ of garnishment on Zions Bank but we told there were no funds in the Olsen accounts.

# DISCUSSION

## Lamb's Motion for Summary Judgment

Lamb seeks summary judgment on Developers' negligence and negligent misrepresentation claims. "A plaintiff is required to prove both the fact of damages and the amount of damages." *Stevens-Henager Coll. v. Eagle Gate Coll.*, 2011 UT App. 37, ¶ 16, 248 P.3d 1025. "While the standard for determining the amount of damages is not so exacting as the standard for proving the fact of damages, there still must be evidence that rises above speculation and provides a reasonable, even though not necessarily precise, estimate of damages." *Id.*

In *Osborn v. Ahrens*, 773 P.2d 282 (Idaho 1992), the court held that a plaintiff's damages relating to a forged notarized signature were the "amount that [plaintiff] would have been entitled to recover if the signature of Dorothy Alexander had been found to be hers in the mortgage." *Id.* at 283. In this case, therefore, even if Developers cannot collect anything from Mark Olsen and Clint Boswell, the maximum possible damages available to Developers for Lamb's negligence or negligent misrepresentation would be the amount Developers would have been entitled to recover if Kelly Boswell's signature had been valid. Developers has no evidence that Kelly Boswell had any assets when the Indemnity Agreement was signed, when the Daybreak Bond was issued, or has any assets now. In fact, the unrebutted evidence shows that Kelly Boswell did not have significant personal assets when the Indemnity Agreement was signed. Developers has not demonstrated that it made any investigation into Kelly Boswell's individual financial condition or assets. Prior to the execution of the Indemnity Agreement and during the three-year period between it and the issuance of the Daybreak Bond, Developers regularly sought updates on the financial condition and assets of Boswell-Olsen. However, Developers never asked for

these financial updates regarding Kelly Boswell. Because it has presented no evidence regarding Kelly Boswell's assets at any point in time, Developers Surety has failed to present any evidence that it has suffered a loss because it cannot proceed against Kelly Boswell.

Developers Surety contends that it should be allowed to conduct discovery into Kelly Boswell's assets. However, discovery in this case has been closed for years and there is no reasonable basis for reopening fact discovery this late in the case. There have been three rounds of summary judgment motions since fact discovery closed. Developers never brought a motion for additional discovery under Rule 56(d) of the Federal Rules of Civil Procedure. When Developers added Lamb to the action it knew the elements of the claims it would need to prove. Developers made no attempt to establish any damages in connection with Lamb's notarization of Kelly Boswell's forged signature. Without a showing as to the amount of personal assets that she would have available to indemnify Developers Surety, any conclusion as to damages would be speculative.

Moreover, without this evidence, Developers cannot show a meaningful causal chain between Lamb's decision to notarize Kelly Boswell's signature and Developers' inability to collect from Kelly Boswell now. Developers asks the court to speculate about whether Developers would be able to collect anything from Kelly Boswell. However, as stated above, discovery is closed in this case and Developers failed to discover such information. Such speculation is insufficient to support a finding of proximate cause. *Harline v. Barker*, 912 P.2d 433, 439 (Utah 1996).

Accordingly, the court concludes that Developers lacks evidence on essential elements of its negligence and negligent misrepresentation claims against Lamb. "[A] complete failure of

proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Therefore, the court grants Lamb's motion for summary judgment on Developers' negligence and negligent misrepresentation claims.

## CONCLUSION

Based on the above reasoning, Defendant Shane Lamb's Motion for Summary Judgment is GRANTED.

DATED this 7th day of December, 2018.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge